# IN THE COURT OF APPEALS OF IOWA

No. 23-1758
Filed December 18, 2024

**CHARLES KEITH JAMES, JR,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott Beattie, Judge.

Charles James appeals the dismissal of his sixth application for postconviction relief, filed more than twenty years after his 2001 conviction for first-degree murder. **AFFIRMED.**

Jane M. White of Gribble, Boles, Stewart & Witosky, Des Moines, for appellant.

Brenna Bird, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., Langholz, J., and Mullins, S.J.*  Buller, J. takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**MULLINS, Senior Judge.**

Cedric Johnson was shot through his kitchen door in 1999. The State charged Charles James with first-degree murder under premeditation and felony-murder theories. A jury found him guilty, and we affirmed James' conviction on direct appeal. *See State v. James*, No. 00-831, 2001 WL 803814 (Iowa Ct. App. July 18, 2001). Procedendo issued on October 30, 2001.

To convict James for first-degree murder on premeditation grounds, the State had to show James—or someone he aided and abetted—killed Johnson willfully, deliberately, and premeditatedly. *See* Iowa Code § 707.2(1) (1999). To convict under a felony-murder theory, the State had to show James killed Johnson while participating in a forcible felony. *See id.* § 707.2(2). To that end, it accused James of willful injury and terrorism.[1] *See id.* §§ 708.4, .6. The jury's verdict did not disclose whether it found James guilty of premeditated murder, felony murder, or both.

Five years after James was convicted, our supreme court held that willful injury cannot serve as the predicate for a felony-murder charge if the act causing willful injury is the same act that causes a victim's death. *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006). But it declined to give that holding retroactive effect. *Id.* (explaining the "rule of law announced in this case . . . shall be applicable only to the present case and those cases not finally resolved on direct appeal"). Although post-conviction claimants have challenged the constitutionality of this limitation, the supreme court has stood by the non-retroactivity of *Heemstra*'s

---

[1] The "terrorism" offense with which James was charged would later be renamed "intimidation with a dangerous weapon." *See* 2002 Iowa Acts ch. 1075, § 8.

holding. *See Nguyen v. State*, 878 N.W.2d 744, 759 (Iowa 2016); *Goosman v. State*, 764 N.W.2d 539, 545 (Iowa 2009).

On January 4, 2023, James filed an application for post-conviction relief—his sixth to date—requesting that his conviction be vacated under *Heemstra*. Such an application typically must be filed within three years of final conviction, although there is an exception for applications asserting "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3 (2023). The district court dismissed James' application as untimely. James contends the new-grounds exception applies. Citing federal appellate decisions from 2019 and 2021, he argues that "the new law first stated in *Heemstra*" was only recently "fully developed" and that it now applies to his case. We disagree.[2]

The federal decisions cited by James have nothing to do with *Heemstra*. *See United States v. Mejia-Quintanilla*, 857 F. App'x 956, 957 (9th Cir. 2021) (finding a conviction for murder under section 187 of the California Penal Code was not a predicate "crime of violence" sufficient to support a defendant's conviction under 18 U.S.C. § 924(j)(1)); *United States v. Mathis*, 932 F.3d 242, 265 (4th Cir. 2019) (finding first-degree murder under Virginia law qualified categorically as a "crime of violence" for purposes of 18 U.S.C. § 924(c)). Nor do they discuss Iowa law, or even felony murder. To the extent these cases stand for a new rule of law, James has failed to show the nexus between that rule and his

---

[2] Both parties suggest our review is for errors at law, which is the typical standard in post-conviction relief cases. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). But we apply a de novo standard when the claimant asserts a constitutional infirmity. *Id.* James characterizes his argument as a constitutional one. Because this appeal involves pure issues of law, we would reach the same conclusion under either standard of review.

conviction.[3] *See Velazquez-Ramirez v. State*, 973 N.W.2d 598, 601 (Iowa Ct. App. 2022) (explaining that a "new ground of . . . law" for purposes of section 822.3 must have some substantive connection to an applicant's underlying conviction). His application to vacate his 2001 conviction is untimely.

But that is just the first problem. Even if James' cases said something new about *Heemstra*, the fact remains that *Heemstra* does not apply retroactively. 721 N.W.2d at 558. We have repeatedly rejected challenges to that settled rule. *See Washburne v. State*, No. 18-1627, 2020 WL 1310278, at *1 (Iowa Ct. App. Mar. 18, 2020) (collecting cases). And we have already denied James relief under *Heemstra* in one of his previous post-conviction appeals. *See James v. State*, No. 08–0021, 2009 WL 1492701, at *1 (Iowa Ct. App. May 29, 2009). The non-binding federal authorities James brings to our attention today offer nothing to support a different outcome.

**AFFIRMED.**

---

[3] In addition to his argument that *Mejia-Quintanilla* and *Mathis* somehow refine the Iowa Supreme Court's decision in *Heemstra*, James suggests these cases show "it is not acceptable to use a generalized verdict form" for first-degree murder cases. We find no support for that rule in the text of those cases or even between their lines.